UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
PAUL HENRY JESKO and
LYNN GRINNELL JESKO,                Case No. 12-03-18306-SS
d/b/a Jesko Farms,                  Chapter 12

       Debtors.

PAUL HENRY JESKO and
LYNN GRINNELL JESKO,

       Plaintiffs, counter-defendants,

v.                                  Adversary No. 04-1166 S

BANK OF AMERICA, NA,

       Defendant, counter-claimant.

**MEMORANDUM AND ORDER DENYING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Bank of America, N.A. ("BOA" or "Defendant") has filed its Motion for Summary Judgment ("Motion") which seeks dismissal of this complaint to determine the validity, extent and priority of liens against property of the estate and for reformation of a mortgage. The mortgage in question deals with two batches of land, one owned by the debtors as individuals ("Jeskos" or "Debtors") and one owned by a trust self-settled by the Jeskos ("Jesko Family Trust" or "Trust"). For the purposes of this adversary proceeding, the Court finds that (1) the property owned by the Jesko Family Trust is property of the bankruptcy estate and within this Court's jurisdiction, (2) the strong arm provision of the Bankruptcy Code ("Code"), Section

Page 1 of 19

544(a)(3), permits the Jeskos to avoid BOA's lien on the Trust land, (3) BOA is not entitled to equitable relief and (4) the parol evidence rule is not applicable to preserve the lien for BOA.

This matter is before the Court on Defendant's Motion (doc 22), the Plaintiffs' Response ("Response") (doc 23) and the Defendant's Reply (doc 26). The mortgage at issue in this case refers to parcels of land, some owned by the Jeskos and some by the Jesko Family Trust.[1] The mortgage secures a promissory note issued by the Jeskos to BOA's predecessor in the amount of $400,000.00 and was executed on July 1, 1999 and recorded in the real estate records of Union County on July 2, 1999. Paul Jesko and Lynn Jesko signed the mortgage only as individuals. The mortgage identifies the covered tracts of land, a total of 1520 acres[2] located in Union County, State of New Mexico, as follows:

```
TOWNSHIP TWENTY-THREE (23) NORTH, RANGE THIRTY-SIX (36)
EAST, N.M.P.M.:
SECTION 19: N2
SECTION 22: SE4, N2NW4, NE4
SECTION 23: SW4
SECTION 27: SW4, E2
SECTION 34: NW4
```

---

[1] The wording about the property being "owned" by the Jeskos and the Trust is a shorthand reference to the status of the property immediately prior to the filing of the petition. That status of course governs the disposition of the property after the petition has been filed.

[2] The mortgage erroneously states the total acreage as 920. Ex. F to Jesko deposition, attached to Motion.

In April of 1997, however, the Jeskos had quitclaimed 1120 acres of the above-mentioned land to the Trust[3], as follows:

```
SECTION 19: N2
SECTION 22: NE4
SECTION 23: SW4
SECTION 27: E2
SECTION 34: NW4
```

The following 400 acres covered by the mortgage remain titled in the name of the Jeskos as individuals:

```
SECTION 22: SE4, N2NW4
SECTION 27: SW4
```

Although BOA asserts it never knew some portions of land covered by the mortgage were actually titled in the name of the Trust, the title insurance commitment (doc 24) listed three of the tracts of land as so titled:

```
SECTION 22: NE4
SECTION 27: E2
SECTION 34: NW4[4]
```

The Debtors filed their chapter 12 petition on October 30, 2003.

---

[3] The Jeskos had mortgaged this same acreage to the Farm Services Administration in October 1994 and November 1996. The Jeskos assert, and BOA disputes, that the Jeskos and BOA had an understanding that the Jeskos would not put a "second" mortgage to BOA on this land. That dispute is not addressed in this memorandum opinion.

[4] There is no explanation why the title insurance commitment does not list the other two parcels. It may be that the title examiner noticed only the single quitclaim deed that conveyed these three parcels, Exhibit D to Jesko Deposition, and not the other two quitclaim deeds that were executed and recorded at the same time, Exhibits B and C to Jesko Deposition.

**Summary Judgment Standards**

The Bankruptcy Code provides for summary judgment through Federal Rule of Bankruptcy Procedure 7056, which adopts Federal Rule of Civil Procedure 56. Pursuant to Rule 56(c), the court should grant summary judgment when after consideration of the record it determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The party moving for summary judgment has the burden of establishing that summary judgment is appropriate. Wolf v. Prudential Ins. Co. of America, 50 F.3d 793, 793 (10th Cir. 1995). However, once the moving party has supported its motion, then it is incumbent upon the adverse party to show that there are material facts in dispute. Fed.R.Civ.P. 56(e). The adverse party may not rely solely on its pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Id.

**Court's Jurisdiction Over Jesko Family Trust Land**

This Court's jurisdiction extends to all property of the

debtor as of the commencement of the case as well as all property of the estate. 28 U.S.C. § 1334(e) (2005).[5] The first issue to be decided is whether the land held in the name of the Trust is property of the estate and therefore subject to an adjudication by this Court.

In April 1997, the Jeskos executed the documents that created the Jesko Family Trust, and then immediately conveyed the 1120 acres at issue to the Trust. The Trust identifies the Jeskos as grantors, trustees and beneficiaries. The Trust is revocable and on the petition date the Trust had not been revoked and the Jeskos were (and still are) alive. The Debtors owned both the legal and equitable interests in the 1120 acres. **Section 541(a)(1).**

For purposes of bankruptcy proceedings, what interest a debtor (or the estate) has in property is determined by reference to state law. Barnhill v. Johnson, 503 U.S. 393, 398 (1992), citing Butner v. United States, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law."). Applying this rule, some courts consider all property of the trust that is reachable by creditors under state law property of the bankruptcy estate. Shurley v. Texas Commerce Bank-Austin, N.A. (In re

---

[5] Unless otherwise specified, all references to Titles 11 and 28 and to the Federal Rules of Bankruptcy Procedure are to sections and rules in effect prior to October 17, 2005, when most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective.

Shurley), 115 F.3d 333, 339 (5th Cir. 1997), cert. denied sub-nom Texas Commerce Bank – San Angelo v. Shurley, 522 U.S. 982 (1997). ("Here, the Marfa ranch no longer belongs to Shurley; it is property of the bankruptcy estate.") (Interpreting Texas law); Barash v. Morris (In re Morris), 144 B.R. 401, 406 (Bankr. C.D. Ill. 1992), aff'd In re Morris, 151 B.R. 900 (C.D. Ill. 1993) (Corpus of spendthrift trust turned over to bankruptcy trustee.) (Interpreting Illinois law.) Other courts dealing with self-settled revocable trusts skip this step and simply consider the corpus as property of the bankruptcy estate. Redmond v. Kester (In re Kester), 339 B.R. 749, 752 (10th Cir. B.A.P. 2006) (holding that debtors' beneficial interest in self-settled trust permits them to exempt property)(interpreting Kansas law); Royal v. Pancratz (In re Pancratz), 175 B.R. 85, 90 (D. Wyo. 1994) (same, interpreting Wyoming law).

Section 46A-5-505 N.M.S.A. (2003) states:

A. Whether or not the terms of a trust contain a spendthrift provision, the following rules apply:
(1) during the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors;...

Therefore the Trust land is part of the bankruptcy estate, subject to adjudication by this Court.

BOA makes four more arguments in support of its Motion: (1) the Jeskos' use of section 544(a)(3), the trustee's "strong arm power", is barred because a bona fide purchaser would have

Page 6 of 19

constructive notice of BOA's lien, (2) the use of section 544(a)(3) is also barred because its application would benefit only the Jeskos individually and not the estate, contrary to section 550(a), (3) allowing the Jeskos to avoid the lien on the Trust land would be inequitable, and (4) the parol evidence rule bars the Court from reforming the mortgage document. Each will be addressed in turn, after addressing the question of which section of the Code is applicable.

**Section 506(d)**

Debtors seem to concede that because the Trust is a different entity from the Debtors, the land at issue is therefore not subject to the exercise of the trustee's strong arm powers. They then assert that they are not seeking relief under section 544(a)(3), but only a valuation under section 506. Plaintiff's [sic] Response to Defendant's Motion for Summary Judgment, at 7-8 (doc 23). However, that assertion is not correct. Specifically, Plaintiffs say as part of their material facts that certain tracts of land were not owned by the Jeskos. Id. at 7. They then say that they are trying to "write down" BOA's secured claim "based upon (1) the value of the property of the bankruptcy estate securing the claims (i.e., § 506 issues), and (2) the fact that Defendant's mortgage is not valid with respect to some of the property which it purports to cover." Id. at 8. No value issues have been raised, at least in the sense of dollars per

acre valuations, so it is not even clear that there is a factual predicate for the application of section 506.  (Presumably that litigation will follow.)  More to the point, the contention that BOA's mortgage is not valid as "to some of the property it purports to cover" is the Debtors' basis for the application of section 506.  Subsection (d) of that section voids a creditor's lien against estate property to the extent that the claim is not an allowed claim against the estate secured by property of the estate.  But section 506(d) can only be applied once it is determined what property belongs to the estate.  And in this instance, the function of section 544(a)(3) is in part to determine what property does belong to the estate and what liens attach to that property.

BOA has correctly framed the issue (although the Court disagrees with BOA's conclusions).  Plaintiffs have also argued the issue, albeit minimally.  Id.  Since BOA has raised section 544(a)(3) in its Motion and continues to argue it in its Reply (doc 26), the Court considers that BOA is sufficiently on notice of the issue for this Court to invoke that section in this ruling.  Additionally, were the Court to not consider section 544(a), Plaintiffs would presumably raise it in a request for a rehearing or at trial, and therefore it makes sense to dispose of the issue now.

**Section 544(a) and constructive notice**

BOA's Motion avers that the Jeskos should not be able to use section 544(a)(3) to avoid BOA's lien on the Trust land.

Section 544(a)(1) and (3) provides as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by --
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;...
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

BOA first points out that if the Jeskos did not properly grant the mortgage because the Jeskos (as individuals) were not in title of the land they should not be able to avoid the lien during their bankruptcy proceeding because they do not own the property. That would be a correct analysis if the Trust land were not part of the bankruptcy estate, but, as discussed above, the land is now within the estate, and therefore within reach of the avoiding powers of the debtors in possession.

Section 544(a) gives a trustee (or debtor in possession) the power that a hypothetical bona fide purchaser of a parcel of property would have as of the commencement of the case to avoid any liens on the property. This power is available regardless of

any actual knowledge of the trustee or debtor in possession. Crowder v. Crowder (In re Crowder), 225 B.R. 794, 796 (Bankr. D. N.M. 1998). Thus it would be irrelevant, for purposes of section 544(a), if Mr. Jesko were to have been fully aware that the five parcels at issue were titled in the Trust and that he did not convey that information to BOA[6], or that Mr. Jesko intended to convey to BOA a valid mortgage on the five parcels.

Constructive Notice - Conveyance Recording

Under New Mexico law, all conveyances of land are required to be recorded in the office of the clerk of the county or counties in which the affected real estate is situated. N.M. Stat. Ann. § 14-9-1 (2003 Repl.). The three quitclaim deeds recorded in April 1997 in Union County provided notice to the world of the transfer of the five parcels from the Debtors individually to the Trust. N.M. Stat. § 14-9-2 (2003 Repl.). That was the title status of the five parcels in July 1999 and in October 2003.

Thus BOA was on constructive notice that it could only obtain a valid mortgage on the five parcels from the Jeskos as trustees. Instead, it obtained a mortgage from the Jeskos only in their individual capacity. N.M. Stat. Ann. § 14-14-8B (2003

---

[6] Mr. Jesko apparently thought that the only effect of putting the land in the Trust was to allow it to pass to his heirs without a probate proceeding. However, this fact (if it is a fact) is not germane to the summary judgment.

Case 04-01166-s    Doc 27    Filed 09/08/06    Entered 09/08/06 10:40:43 Page 10 of 19

Repl.) provides the statutory form for acknowledgment that must be complied with. A valid acknowledgment in a representative capacity requires a signature by a trustee, as a trustee. Id. While the Supreme Court of New Mexico has accepted as valid an acknowledgment that substantially complies with the statute, it has only been in a case where the specific type of acknowledgment has not been specifically provided for in the statute. Byers Bros. & Co. Live Stock Comm'n Corp. v. McKenzie, 239 P. 525, 526-27, 30 N.M. 487, 489-90 (1925). Section 14-14-8B was enacted in 1993. In any event, signing as an individual in lieu of signing in some representative capacity does not substantially comply with the statute.

BOA correctly points out that Article IX, Section A of the Declaration of the Jesko Family Trust instructs that any person dealing with a trustee with respect to the property "shall be absolutely protected in relying upon the certificate of any Trustee..." Exhibit A, page 2, to Jesko Deposition. But because the Jeskos did not act in their capacities as trustees but only as individuals, this part of the Trust document does not help BOA.

A recording requires valid acknowledgment, and absent that acknowledgment, the instrument is considered unrecorded. N.M. Stat. Ann. § 14-8-4 (2003 Repl.); N.M. Properties, Inc. v. Lennox Ind. Inc., 95 N.M. 64, 65, 618 P.2d 1228, 1229 (1980); F&S Co. v.

Gentry, 103 N.M. 54, 55, 702 P.2d 999, 1000 (1985). The signatures and acknowledgment of the Jeskos as individuals does not comply with Section 14-14-8B for the five parcels, and therefore the recording does not provide constructive notice to a subsequent lien holder or purchaser.

BOA also argues that a bona fide purchaser would be on constructive and inquiry notice of BOA's lien, and therefore section 544(a)(3) does not allow for the avoidance of the lien. This is incorrect; a creditor searching for liens granted by the Trust would find nothing. A creditor examining the title for the five parcels at issue would find BOA's lien, but the record would show that the mortgage was not granted by the Jeskos as trustees (that is, by the Trust) but by the Jeskos only in their individual capacities. That in turn would not fit into the recorded chain of title, and therefore would suggest that the mortgage was not valid.

In Stern v. Continental Assurance Co. (In re Ryan), 851 F.2d 502 (1st Cir. 1988), a mortgage on a condominium was signed by only one witness, contrary to Vermont state law that required two. The mortgage was nevertheless recorded in the town clerk's office, and was on file for any subsequent purchaser. The First Circuit rejected the bankruptcy court's ruling that the improperly witnessed conveyances, clearly present in the town's records, constituted constructive notice, on the grounds that

such a ruling would ignore Vermont law and policy, id. at 510-11, saying, "Land recording laws must, by their very nature, employ technical rules because the 'substance' – presumably the fairness of giving one bona fide purchaser priority over another – yields no simple answers." Id. at 509. One may argue that applying such rigid, technical rules allows form to succeed over substance. Even though a subsequent purchaser may also be at fault for not searching the county records, choosing whether BOA's or the purchaser's interest prevails is a matter of state policy, applied through applicable sections of the state law. Id. at 510. New Mexico state law requires trustees to acknowledge conveyances of land as trustees; the failure to comply renders the acknowledgment invalid, the conveyance constructively unrecorded, and no constructive notice given.

Constructive Notice - Open and Notorious Use of Land

BOA argues that the Jesko's open and notorious use of the Jesko Family Trust land should also put a subsequent purchaser on constructive notice of the Jeskos' claim to the land. New Mexico law allows "open and notorious use" to constitute constructive notice of the possessor's interest in a parcel of land. Nelms v. Miller, 56 N.M. 132, 156, 241 P.2d 333, 349 (1952); Probasco v. Eads (In re Probasco), 839 F.2d 1352, 1354 (9th Cir. 1988) ("clear and open possession" under California law). In this instance, the Debtors' use of the property in their capacity as

fee owners or as beneficiaries of the Trust are indistinguishable.

**Benefit to Estate**

BOA argues that the Jeskos should not be a allowed to avoid the lien because it would do so solely for their own benefit, as opposed to the benefit of creditors or the bankruptcy estate. The language of section 550(a) requires that transferred property may be recovered pursuant to section 544 "for the benefit of the estate", and section 551 requires that a transfer avoided pursuant to section 544 is preserved for the benefit of the estate. To obtain summary judgment, BOA must show that the estate will not benefit from the avoidance of its lien on the five parcels. It has made no such showing.

The underlying policy for the trustee's strong arm avoidance power is to facilitate "the equal distribution of a debtor's assets among its general non-priority creditors." 5 Alan N. Resnick et al., Collier on Bankruptcy ¶ 544.01 (15th ed. rev. 2006). The general rule enforced by courts, pursuant to this policy, is that any avoided lien on or transfer of property must have something more than de minimis benefit to the debtor's creditors. Greenbelt Coop., Inc. v. Werres Corp. (In re Greenbelt Coop., Inc.), 124 B.R. 465, 472 (Bankr. D. Md. 1991) ("the controlling standard is whether there will be some benefit to creditors from the avoidance."); In re Chapman, 51 B.R. 663,

666 (Bankr. D. D.C. 1985). This rule applies even if the avoidance of the transfer will not benefit the unsecured creditors directly but will otherwise benefit the estate, such as by paying administrative expenses or providing assets to increase the likelihood of a successful reorganization. <u>Gonzales v. Nabisco Division of Kraft Foods, Inc. (In re Furrs Supermarkets, Inc.)</u>, 294 B.R. 763, 772-82 (Bankr. D. N.M. 2003). In the current case, it appears that the unsecured claims are unlikely to be paid in full and that the Jeskos could use the extra equity to ensure the success of their reorganization.[7] In any event, BOA has not made the requisite showing to the contrary. The Jeskos should therefore be permitted to prove at trial that the avoidance will benefit the estate.

**Equitable Relief**

When determining whether to impose a constructive trust on a parcel of land or fund of money, the bankruptcy court follows state law. <u>Taylor v. Rupp (In re Taylor)</u>, 133 F.3d 1336 (10th Cir.), <u>cert. denied</u>, <u>Rupp v. Taylor</u>, 525 U.S. 873 (1998); <u>Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)</u>, 75 F.3d 1447, 1452 (10th Cir. 1996), <u>cited in</u> <u>Albuquerque Plaza Partners ex rel. Sholer v. Carmichael (In re PKR, P.C.)</u>, 220 B.R. 114, 118 (10th Cir. B.A.P. 1998). In <u>In re Estate of Duran</u>, 133 N.M. 553,

---

[7] This statement is not intended to constitute a ruling that the Jeskos need not distribute the extra equity to creditors.

66 P.3d 326 (2003), the New Mexico Supreme Court stated that the circumstances giving rise to a court-ordered constructive trust were limited to "fraud, constructive fraud, duress, undue influence, breach of a fiduciary duty, or similar wrongful conduct." 133 N.M. at 565, 66 P.3d at 338.  BOA's argument that the Jeskos' actions reach the level of fraud comes nowhere near the standard required for summary judgment.

Further, imposing a constructive trust on the Trust land for the benefit of BOA would make BOA practically speaking a secured creditor.  <u>In re PKR, P.C.</u>, 220 B.R. at 118.  Such a remedy is contrary to the fundamental policy of equality of distribution.  <u>See</u> <u>Begier v. IRS</u>, 496 U.S. 53, 58 (1990) ("Equality of distribution among similarly situated creditors remains one of the central policies of bankruptcy law.").  Imposing a constructive trust should be a rare occurrence, and therefore not done without good cause.  The facts known at this point do not point towards such a cause.  BOA appear to have been given notice of the Jesko Family Trust before the mortgage closing in the commitment for title insurance.  Unjust enrichment, the situation constructive trusts are imposed to prevent, is not present in this case.

**Parol Evidence Rule**

BOA argues in its Motion, but not its Reply, that the parol evidence rule should bar the Jeskos from asserting the mortgage

on the Trust property is invalid.

In a sense, BOA's argument proves too much; were it the case that the mortgage language itself was all that was needed without reference to a chain of title or any the authority of the grantor to grant the lien, one could obtain a lien on anything at any time merely by preparing and executing a mortgage. And the same would presumably be applicable for deeds.

Even applying the parol evidence rule does not get BOA what it wants. The parol evidence rule is considered to be substantive law, and therefore federal courts apply the state law version of the rule. <u>Blanke v. Alexander</u>, 152 F.3d 1224, 1231 (10th Cir. 1998). The New Mexico version of the rule departs from the standard "four-corners" or "plain-meaning" standard and instead requires that "in determining whether a term or expression to which the parties agreed is unclear, a court may hear evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of performance." <u>C.R. Anthony Co. v. Loretto Mall Partners</u>. 112 N.M. 504, 508-09, 817 P.2d 238 (1991). This formulation of the rule makes admissible much if not all of the Jeskos' evidence (assuming it is otherwise admissible).

**Other**

BOA correctly asserts that reformation of a mortgage requires clear and convincing evidence. <u>Franciscan Hotel Co. v.</u>

Albuquerque Hotel Co., 24 P.2d 718 (N.M. 1933), cited in Butler v. Butler, 80 N.M. 36, 38, 450 P.2d 922, 924 (1969) (quantum of evidence "must be of the clearest and most satisfactory character"). To succeed in a motion for summary judgment, the moving party must show "that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. at 247-248. BOA's only argument that there is no genuine issue of material fact is that the Jeskos have a short list of witnesses and evidentiary documents. At this juncture, it would be inappropriate to grant this motion without giving the Jeskos a chance to make their case.

**Conclusion and Order**

For the reasons listed above, the Court finds that it has jurisdiction of the Jesko Family Trust land and the jurisdiction to adjudicate claims concerning it. The Court also finds that BOA's Motion should be denied.

IT IS THEREFORE ORDERED that Bank of America's Motion for Summary Judgment (doc 22) is denied.

James S. Starzynski
United States Bankruptcy Judge

COPY TO:

George M Moore

Moore, Berkson & Gandarilla
PO Box 216
Albuquerque, NM 87103-0216

Donald R. Fenstermacher
PO Box 70
Albuquerque, NM 87103-0070

F Scott Flow
PO Box 2673
Amarillo, TX 79105-2673